IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sandra Singleton, | ) | Civil Action No.: 9:12-3506-SB-BHH |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Town of Estill, | ) | |
| Defendant. | ) | |

Plaintiff Sandra Singleton ("Plaintiff" or "Singleton") originally filed this action in the Hampton County Court of Common Pleas. (See Dkt. No. 1-1.) On December 12, 2012, Defendant Town of Estill ("Defendant") filed a Notice of Removal, contending that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. (See Dkt. No. 1 at 1.) This matter is before the Court upon Plaintiff's Motion to Remand. (Dkt. No. 8.)

This matter has been assigned to the undersigned to submit findings and recommendations to the District Court.

## BACKGROUND

The issue before the Court is whether federal question jurisdiction exists. See 28 U.S.C. § 1331. In her Complaint, Plaintiff alleges that her action "is brought pursuant to the South Carolina Tort Claims Act." (Compl. ¶ 3.) Plaintiff states that on or about March 26, 2012, Plaintiff witnessed a fist fight in Estill but that Plaintiff "was not involved in the fist fight or a party to the fist fight, nor did she assist in the fist fight before or after the fight ended." (Id. ¶¶ 5-6.) Plaintiff alleges that after the fight, she returned home "and thought nothing more about the incident until . . . two police officers with the Estill Police Department appeared at Plaintiff's home and informed her that they had a warrant for her arrest alleging she participated in the earlier fist fight." (Id. ¶ 7.)

Plaintiff alleges that she was arrested and that she "demanded" to see the arrest warrant, informing the officers "that they should not have a warrant because she had not done anything for them to remove her from her home in handcuffs." (Id. ¶¶ 8-9.) Plaintiff states that the officers "refused to show Plaintiff the warrant they claimed they had in their possession . . . but instead arrested Plaintiff for public disorderly conduct for very loudly demanding that they either show her an arrest warrant or release her while she was handcuffed in the Estill Police Department." (Id. ¶ 10.)

Plaintiff states that she is bringing two causes of action against Defendant: one for false arrest "under the laws of the State of South Carolina" and another for negligent training and supervision. (See generally Compl.; see also Compl. ¶ 11.) With respect to the claim for false arrest, Plaintiff alleges that "the servants, agents and employees of the Defendant acted with reckless disregard towards Plaintiff and with intentional and conscious purpose without consideration of the harm caused Plaintiff and/or their conduct was so outrageous that malice can be implied." (Compl. ¶ 12.) With respect to the claim for negligent training and supervision, Plaintiff alleges, *inter alia*, that Defendant was "grossly negligent, reckless and wanton in failing in its duty to properly train and supervise the police officers who handcuffed Plaintiff in her home, took Plaintiff to its department and then arrested Plaintiff for public disorderly conduct when Plaintiff demanded to see a warrant that did not exist. (Id. ¶ 17.) Plaintiff seeks compensatory and consequential damages. (Compl. at 4 of 5.)

Defendant removed the action on December 12, 2012, stating that on November 26, 2012, it received a document "from which removability can be ascertained." (Notice of Removal ¶ 4.) Specifically, Defendant states in its Notice of Removal that, "in Plaintiff's responses to Defendant's discovery requests, Plaintiff alleges Defendant has violated Plaintiff's rights under the Fourth Amendment to the United States Constitution." (Id. ¶ 5.)

Shortly thereafter, Plaintiff filed the instant Motion to Remand. (See Dkt. No. 8.)

## DISCUSSION

In her Motion to Remand, Plaintiff asserts that her Complaint does not raise a federal question "nor does it involve a claim under the laws of the United States." (Dkt. No. 8 at 2.) Defendants agree in its Response in Opposition that "[n]one of the original claims in Plaintiff's complaint raised federal questions." (Dkt. No. 10 at 1.) Defendant contends, however, that Plaintiff's discovery responses "raise claims under the United States Constitution, thereby giving this Court jurisdiction under 28 U.S.C. [§§] 1331 and 1446(c)(3), and supplemental jurisdiction over any state law claims, pursuant to 28 U.S.C. [§] 1367." (Dkt. No. 10 at 2.) The relevant discovery requests and responses are as follows:

> [Interrogatory] 3. Set forth an itemized, specific statement of all damages, exclusive of pain and suffering, complete with monetary amounts claimed to have been sustained by Plaintiff.
>
> RESPONSE:
>
> Plaintiff was publicly handcuffed and publicly removed from her home by officers of the Estill Police Department without a warrant. The officers of the Estill Police Department lied to her during her initial detention telling her they had a warrant for her arrest accusing her of involvement in an incident that they did not witness and that even a slight investigation by the officers would have confirmed that she was not involved in.
> The Plaintiff was then taken to the police department and when she demanded to see the warrant the officers had lied about was charged with disorderly conduct, taken to jail and stayed overnight. The officers, after acknowledging their false statements, still prosecuted the Plaintiff before a jury in the Estill Municipal Court for the disorderly conduct charge. **Thus, Plaintiff's constitutional rights as a citizen of the United States** and the State of South Carolina were **negligently** abridged by officers of the Estill Police Department.
>
> . . . .
>
> [Interrogatory] 18. Please identify any instances in which the Town of Estill failed to supervise and train its employees in the proper procedures of investigations, arrests, and policing, as alleged in Plaintiff's Complaint.
>
> RESPONSE:

3

Plaintiff objects to this Interrogatory on the ground that it calls for a legal theory. Notwithstanding said objection, Plaintiff is informed and believes that every encounter she has experienced with the Estill Police Department are examples of improper training and lack of supervision. That even the Plaintiff in Estill, South Carolina, like every citizen, has a right to be secure in her person and home; is protected against unreasonable seizures and invasion of her privacy; and, is protected against warrantless arrest. **These rights are contained in** Article I Section 10 of the South Carolina Constitution and **the Fourth Amendment to the United States Constitution**. The Plaintiff, and all citizens of Estill, have a right to expect that all persons hired by the Town of Estill as police officers know the basic rights given to every citizen they serve. Since Plaintiff was falsely imprisoned by the Estill Police Department on March 5, 2012 then it is obvious the members of the Estill Police Department are not familiar with the laws they presumably have sworn to uphold and defend.

[Request to Produce] 5. All documents referred to in Plaintiff's responses to Defendant's Interrogatories to Plaintiff.

RESPONSE:

See attached traffic ticket. Plaintiff will supplement these responses in advance of the trial of this case as information becomes available. Plaintiff **presumes the Defendant has a copy** of the Constitution for the State of South Carolina and the **United States of America**.

[Request to Produce] 8. A copy of any and all medical bills associated with Plaintiff receiving treatment for "mental anguish, fright, shock and anxiety" as alleged in Plaintiff's Complaint.

RESPONSE:

Plaintiff has no such records. However, Plaintiff's **rights of citizenship under the Constitutions** of the State of South Carolina and the **United States of America** were summarily taken by the Estill Police Department. Thus, the Plaintiff's shock, fright, mental anguish and anxiety arises from the actions of the Estill Police Department which conveys to the Plaintiff the unmistakable message that this time they took her freedom; the next time they could take her life.

4

[Request to Produce] 11.[1] Any and all evidence indicating Defendant negligently trained or supervised employees, as alleged in Plaintiff's Complaint.

RESPONSE:

Plaintiff craves Defendant's attention to Article 1 Section 10 of the South Carolina Constitution and the **Fourth Amendment to the United States Constitution**. If Defendant desires Plaintiff to send copies of these documents, please tell us your request.

(Dkt. No. 10-1; Dkt. No. 10-2 (emphases added).)

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)). On a motion to remand, courts are obligated to "construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (quoting Mulcahey, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151 (citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

In this instant case, it appears that Plaintiff was quite careful in drafting her Complaint; even Defendant acknowledges that "[n]one of the original claims in Plaintiff's complaint raised federal questions." (Dkt. No. 10 at 1.) Defendant contends, however, that Plaintiff "voluntarily placed a federal question into this litigation by repeatedly submitting discovery responses alleging violations of Plaintiff's federal rights." (Dkt. No. 10 at 3.)

---

[1] In their Response in Opposition to the Motion to Remand, Defendant refers to Request to Produce Number 10. However, from a reading of its motion, it appears Defendant actually intended to refer to Request Number 11. (See Dkt. No. 10 at 2; Dkt. No. 10-2 at 3 of 4.)

5

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which states, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As there is no allegation of diversity between the parties, the propriety of removal depends upon whether this case falls within the "federal question" jurisdiction as set forth in 28 U.S.C. § 1331. See Mulcahey, 29 F.3d at 151. That section states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If Plaintiff's claims do not "aris[e] under the Constitution, laws, or treaties of the United States," remand is proper. Dixon, 369 F.3d at 816 (quoting 28 U.S.C. § 1331). "The vast majority of lawsuits 'arise under the law that creates the cause of action.'" Id. (quoting Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)). In the instant case, it is clear that South Carolina law creates the at-issue causes of action, as the claims are brought pursuant to the South Carolina Tort Claims Act (the "SCTCA"). (See generally Compl.)

When the causes of action are created by state law, the "inquiry does not end there." Dixon, 369 F.3d at 816. Instead, the court must determine "whether [the] case is within the 'small class of cases where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331." Id. (quoting Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 806 (4th Cir. 1996)). As stated in Dixon,

> [A] case may arise under federal law where the vindication of a right under state law necessarily turn[s] on some construction of federal law, but only [if] ... the plaintiff's right to relief *necessarily depends* on a *substantial* question

6

of federal law. Thus, in the absence of another jurisdictional ground, a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial. If either of these two elements is lacking, removal is improper and the case should be remanded to state court.

Dixon, 369 F.3d at 816 (internal quotation marks and citations omitted).

A plaintiff's right to relief necessarily depends on a question of federal law when "it appears that some . . . disputed question of federal law is a necessary element of one of the well-pleaded state claims." Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust, 463 U.S. 1, 13 (1983). "If a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law." Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (citing Franchise Tax Bd, 463 U.S. at 13-14; Dixon, 369 F.3d at 817). As noted in Pinney,

> This principle is illustrated in Franchise Tax Board. There, the Supreme Court found no substantial federal question when a California tax agency attempted to enforce a levy on funds held in trust for several taxpayers under an ERISA-covered benefit plan. 463 U.S. at 13–14, 103 S.Ct. 2841. The claim did not necessarily depend on a resolution of federal law because "California law establishe[d] a set of conditions, without reference to federal law, under which a tax levy may be enforced; federal law bec[ame] relevant only by way of a defense to an obligation created entirely by state law, and then only if [the state agency] ha[d] made out a valid claim for relief under state law." Id. at 13, 103 S.Ct. 2841. "[I]t has been well-settled law," the Court noted, "that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Id. at 14, 103 S.Ct. 2841.

Pinney, 402 F.3d at 442-43.

In the instant case, Plaintiff brings two causes of action: one for false arrest, and one for negligent training and supervision. The question for this Court is whether "a disputed issue of federal law is an essential element of at least one of [the plaintiff's] state law

7

claims." Pinney, 402 F.3d at 448-49. In order to prevail on her claim for false arrest, Plaintiff must show: "(1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful." Gist v. Berkeley County Sheriff's Dept., 336 S.C. 611, 618-619, 521 S.E.2d 163, 167 (Ct. App. 1999). Plaintiff's negligent training and supervision claim is a direct negligence claim:

> In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public.

James v. Kelly Trucking Co., 377 S.C. 628, 631, 661 S.E.2d 329, 330 (2008). Neither of those claims necessarily depend on a question of federal law, as no "disputed question of federal law is a necessary element" of either claim. Franchise Tax Bd., 463 U.S. at 13. Indeed, as noted above, Defendants agree in its Response in Opposition that "[n]one of the original claims in Plaintiff's complaint raised federal questions." (Dkt. No. 10 at 1.)

Plaintiff's discovery responses do not give this Court jurisdiction pursuant to 28 U.S.C. § 1331. The Supreme Court has been quite clear that for removal to be proper under the substantial federal question doctrine, a plaintiff's ability to establish the necessary elements of his state law claims must rise or fall on the resolution of a question of federal law. See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not confer federal-question jurisdiction."). In the instant case, Plaintiff is not claiming **only** that the Estill officers violated Plaintiff's federal constitutional rights; she is also claiming that the officers violated her *state* constitutional rights. Thus, it cannot be said that Plaintiff's right to relief "necessarily depends on a question of federal law." Dixon, 369 F.3d at 816; see also Pinney, 402 F.3d at 442; Pedder v. City of Syracuse, 5:08-CV-983 (NAM/GHL), 2008 WL 5115023 (N.D.N.Y.

Dec. 3, 2008); Lilly v. Town of Clendenin, No. 2:05-0303, 2005 WL 2171670 (S.D.W.Va. Sept. 6, 2005). The undersigned therefore recommends remanding this case.

## CONCLUSION

It is therefore RECOMMENDED, for the foregoing reasons, that Plaintiff's Motion to Remand (Dkt. No. 8) be GRANTED and that this action be REMANDED to the Court of Common Pleas for Hampton County, South Carolina.

IT IS SO RECOMMENDED.

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

July 15, 2013
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).